**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SCOTT DOLEMBA, on behalf of plaintiff and the class defined below, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| DIRECT ENERGY SERVICES, LLC, AGR GROUP, LLC, and DOES 1-10, | ) ) ) |
| Defendants. | ) ) |

### COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Scott Dolemba brings this action to secure redress from unlawful telemarketing practices engaged in by defendants Direct Energy Services, LLC and AGR Group, LLC. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The TCPA restricts the use of automated equipment to dial cellular telephones.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§1331 (federal question), 1337 (commerce), and 1367 (supplemental jurisdiction).

4. Venue and personal jurisdiction in this District are proper because:

    a. Defendants' communications were received by plaintiff within this District;

    b. Defendants transact business within this District.

### PARTIES

5. Plaintiff Scott Dolemba is an individual who resides in the Northern District of Illinois.

1

6. Defendant Direct Energy Services, LLC is a Delaware limited liability company. Its principal office is located at 12 Greenway Plaza, Suite 250, Houston, Texas 77046. Its registered agent and office is CT Corporation Services, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

7. Defendant AGR Group, LLC ("AGR") is a Nevada limited liability company. Its registered agent and office is CSC Services of Nevada, Inc., 2215-B Renaissance Drive, Las Vegas, NV 89119.

8. Defendants Does 1-10 are other persons responsible for the calls detailed below.

## FACTS

9. During December 2013, plaintiff received a series of telephone calls on his cell phone from 847-580-1373. Below is at least a partial list of the telephone calls received:

> December 6, 2013, at 11:28 a.m.
> December 10, 2013, at 8:53 a.m.
> December 12, 2013, at 8:11 a.m.
> December 18, 2013, at 8:28 a.m.
> December 20, 2013, at 10:34 a.m.

10. Direct Energy used AGR to place the phone calls to Plaintiff's cell phone.

11. On information and belief, the calls were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

12. When plaintiff answered a couple of the calls, there was a distinct pause before a live person came on the line, a characteristic of a predictive dialer.

13. When a live person that came on the line, she stated they were from Direct Energy and sought to sell electricity to plaintiff in lieu of ComEd.

14. Plaintiff did not authorize the automated placement of calls to his cell phone.

15. Plaintiff did not furnish his cell phone number to defendants.

16. Plaintiff and each class member is entitled to statutory damages.

17. Defendants violated the TCPA even if their actions were only negligent.

18. Defendants should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

19. Plaintiff incorporates paragraphs 1-18.

20. The TCPA, 47 U.S.C. §227, provides:

**§ 227. Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

**(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

  **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**

    **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

21. The TCPA, 47 U.S.C. §227(b)(3), further provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

  **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

  **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

  **(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this**

>**subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

22. Defendant violated the TCPA by placing automated calls to plaintiff's cell phone.

## CLASS ALLEGATIONS

23. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with numbers in the Illinois area codes (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) received calls from defendants on their cell phones, (d) placed using an automated dialer or a recorded or artificial voice. Excluded from the class is anyone who as of the date of the filing of this action has a pending lawsuit against any of the defendants in this action for violations of the TCPA.

24. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

25. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of using automated equipment to place calls to cellular telephones;

    b. The manner in which defendants obtained the cell phone numbers numbers; and

    c. Whether defendants thereby violated the TCPA.

26. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

27. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

28. Several courts have certified class actions under the TCPA. *Sadowski v. Med1 Online, LLC*, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *Hinman v. M & M Rental Ctr.*, 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D.Wash. 2007); *Gortho, Ltd., v. Websolv*, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Okla. Ct. App. 2006); *Display South, Inc. v. Express Computer Supply, Inc.*, 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see *State of Texas v. American Blast Fax, Inc.*, 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

29. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

30. WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    (a) Statutory damages;

    (b) An injunction against the further transmission of unsolicited fax advertising;

    (c) Costs of suit; and

   (d) Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

   31. Plaintiff incorporates paragraphs 1-18.

   32. Defendant engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by making an unauthorized robocall to plaintiff's cell phone.

   33. Defendant's conduct is contrary to public policy, as set forth in the TCPA.

   34. Plaintiff suffered damages as a result of receipt of the call.

   35. Defendant engaged in such conduct in the course of trade and commerce.

   36. Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

   37. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with numbers in the Illinois area codes (b) who, on or after a date three years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) received calls from defendants on their cell phones, (d) placed using an automated dialer or a recorded or artificial voice. Excluded from the class is anyone who as of the date of the filing of this action has a pending lawsuit against any of the defendants in this action for receiving calls from Defendants to their cell phones, which calls were placed using an automated dialer or a recorded or artificial voice.

   38. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

   39. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of making or causing to be made telemarketing calls using a recorded or artificial voice;

  b.  The manner in which defendants compiled or obtained their list of telephone numbers;

  c.  Whether defendants obtained the consent of the called parties; and

  d.  Whether defendants thereby violated the TCPA.

  40.  Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

  41.  Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

  42.  A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

  43.  Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

  WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

  (1)  Statutory damages;

  (2)  An injunction against further violations;

  (3)  Costs of suit;

  (4)  Such other or further relief as the Court deems just and proper.

  s/ Daniel A. Edelman
  Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX) (may use for service of pleadings)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                        s/ Daniel A. Edelman
                        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX) (may use for service of pleadings)
Email address for service: courtecl@edcombs.com