| | | |
|---|---|---|
| SCOTT DOLEMBA, on behalf of plaintiff and the class defined below, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 1:14-cv-09677 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| DIRECT ENERGY SERVICES, LLC, | ) | Mag. Judge Daniel G. Martin |
| AGR GROUP, LLC, and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT DIRECT ENERGY SERVICES, LLC'S
MOTION TO DISMISS**

NOW COMES defendant Direct Energy Services, LLC ("Direct Energy"), by and through its undersigned attorneys and, pursuant to Fed.R.Civ.P. 12(b)(6), moves this Court to dismiss plaintiff's complaint and, in support thereof, states as follows:

1. Plaintiff filed this putative class action complaint alleging that defendants Direct Energy and AGR Group, LLC violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by placing telephone calls to his cellular phone using an automated telephone dialing system and without his prior express consent. Plaintiff did not allege that Direct Energy placed the calls; rather, he alleged that "Direct Energy used AGR to place the phone calls to Plaintiff's cell phone." (Dkt. 1 at ¶ 10.) This was not pled on information and belief; this was a direct allegation.

2. Now, it appears, plaintiff has recanted that key allegation. On January 20, 2015, plaintiff filed an "unopposed" motion[1] seeking to voluntarily dismiss AGR on the basis of an undisclosed affidavit from AGR claiming that it did not place the calls at issue. (Dkt. 20.) In

---

[1] Presumably, plaintiff meant the motion was unopposed by AGR (even though it has not yet filed an appearance in the case), because plaintiff's counsel did not consult with counsel for Direct Energy in advance of filing the motion.

effect, plaintiff *does not know* who placed the alleged phone calls. If plaintiff thought that Direct Energy placed the calls directly, he would have said so. But he did not – plaintiff claimed that AGR placed the phone calls. Now, in a complete change of direction, plaintiff says AGR did not place the calls at issue.

3.      On January 21, 2015, the Court granted plaintiff's motion and dismissed AGR from the case. (Dkt. 22.) The Court should now likewise dismiss Direct Energy. Without an allegation that Direct Energy placed the alleged calls *itself* (an allegation plaintiff previously declined to make) or that AGR placed the calls on Direct Energy's behalf (an allegation plaintiff has now withdrawn), there is no claim stated against Direct Energy. Likewise, the putative class that plaintiff seeks to represent is defined, *inter alia*, as persons who "received calls from *defendants* on their cell phones." (Dkt. 1, at para. 23(c), emphasis added.) With AGR now out of the case, there is no such class, by plaintiff's own admission.

WHEREFORE, Direct Energy respectfully requests that plaintiff's claims against Direct Energy be dismissed, that judgment be entered in Direct Energy's favor, that Direct Energy be awarded its costs and fees incurred herein, and that the Court enter such further relief as is just, necessary and proper.

Dated: January 22, 2015                           Respectfully Submitted,

                                                  DIRECT ENERGY SERVICES, LLC

                                                  By: /s/ Tammy L. Adkins
                                                          One of Its Attorneys

David L. Hartsell
Tammy L. Adkins
McGUIREWOODS LLP
77 West Wacker Drive, Ste. 4100
Chicago, Illinois 60601
(312) 849-8100
dhartsell@mcguirewoods.com
tadkins@mcguirewoods.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANT DIRECT ENERGY SERVICES, LLC'S MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system on January 22, 2015, which constitutes service on below counsel, registered electronic filing users, pursuant to FED. R. CIV. P. 5(b)(2)(D):

> Daniel A. Edelman
> courtecl@edcombs.com
>
> Catherine A. Ceko
> cceko@edcombs.com
>
> Cathleen M. Combs
> ccombs@edcombs.com
>
> James O. Latturner
> jlatturner@edcombs.com

/s/Tammy L. Adkins